UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| JOHN CURRAN, | ) |
|       Plaintiff, | ) |
| v. | ) |
| | )   **VERIFIED COMPLAINT** |
| DELTA OUTSOURCE GROUP, INC., | )   **(Unlawful Debt Collection Practices)** |
|       Defendant. | ) |

## PLAINTIFF'S VERIFIED COMPLAINT

JOHN CURRAN (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against DELTA OUTSOURCE GROUP, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Texas; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Lewisville, Denton County, Texas.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Lake Saint Louis, Missouri.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around August of 2011, Defendant began placing calls to Plaintiff seeking and demanding payment on an alleged debt.

11. Defendant calls Plaintiff from 636-590-3647, and possibly other numbers also.

12. From the very first calls, Plaintiff has informed Defendant that he disputes the debt as it was discharged in bankruptcy; refuses to pay it, and that further calls cease.

13. Plaintiff has also told Defendant that he cannot pay due to severe financial hardship arising from his physical disability.

14. Soon thereafter, Plaintiff was contacted by Defendant's representative, one Justin Law, who told him that he would be charged with identity theft and jailed.

15. Despite informing Defendant on multiple occasions that the debt is disputed and that calls cease, Defendant has continued to call Plaintiff daily at least once but sometimes up to twice per day.

16. Defendant has also called Plaintiff on multiple occasions while he was at work, despite being informed that the calls are an inconvenience and that he is not allowed to receive such calls at work.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

   b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with the consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

   e. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt; and

   f. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken.

WHEREFORE, Plaintiff, JOHN CURRAN, respectfully requests judgment be entered against Defendant, DELTA OUTSOURCE GROUP, INC., for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

20. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Michael Agruss
Michael Agruss
KROHN & MOSS, LTD.
10 N. Dearborn St. 3rd Fl.
Chicago, IL 60602
323-988-2400 x235
Magruss@consumerlawcenter.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS        )
COUNTY OF DENTON )

Plaintiff, JOHN CURRAN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN CURRAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

____9-20-11____                              ____/s/ John Curran____
Date                                          JOHN CURRAN

5